

RECEIVED
BY·_____

JAN 0 7 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**JACQUELINE EDWARDS**
                    **Plaintiff**              2:11-cv-0021

**VERSUS**

**PINNACLE ENTERTAINMENT, INC.**
**PNK (LAKE CHARLES), LLC d/b/a**
**L'AUGBERGE DU LAC HOTEL & CASINO**
**AND L'AUGBERGE DU LAC**
**— LAKE CHARLES CASINO**            **MAGISTRATE JUDGE**
                    **Defendants**

## COMPLAINT WITH JURY TRIAL DEMAND

### JURISDICTION

1.    This is a Civil Action for money damages brought by Plaintiff for Defendant's

      disability discrimination in violation of Plaintiff's rights as guaranteed by the

      *Americans with Disabilities Act of 1990 ("ADA"),* 42 U.S.C.A., Section 12101 and

      Family Medical Leave Act of 1993, §2, et seq., 29 USC 2601 et seq (FMLA).

      Jurisdiction is founded upon 28 U.S.C. 1331 and 1343.   Plaintiff further invokes

      the supplemental jurisdiction of this Court to consider claims arising under State

      law.

2.    Plaintiff's suit is filed within the prescribed time period:

      a.    The plaintiff timely filed her verified charge of discrimination with

-1-

Equal Employment Opportunity Commission (hereinafter "EEOC"), at its district office in New Orleans, Louisiana.

b.     On or about October 12, 2010, the EEOC issued the plaintiff a right to sue letter, terminating any further processing of this charge of employment discrimination and giving plaintiff the right to institute this action within ninety days of the issuance of the notification.

c.     The plaintiff has filed this action within ninety (90) days of the issuance of her notice of right to sue.

## PARTIES

3.     At all times hereinafter mentioned, the Plaintiff, JACQUELINE EDWARDS, is a domiciliary of Caddo Parish, Louisiana and is a citizen of the United States of America.

4.     Defendant PINNACLE ENTERTAINMENT, INC. OF DELAWARE is a limited liability company who, upon information and belief, was at all times relevant and pertinent herein, doing business in the State of Louisiana, as L'AUGBERGE DU LAC HOTEL & CASINO at 777 Avenue L'Auberge, Lake Charles, 70601.  Its Principal Place of Business in the State of Louisiana is 5615 CORPORATE BLVD., STE. 400B  BATON ROUGE, LA 70808. Its Principal Business Establishment is 3800 HOWARD HUGHES PKWY., STE. 1800, LAS VEGAS, NV 89169.

-2-

5.   Defendant PNK (LAKE CHARLES) LLC d/b/a L'AUGBERGE DU LAC HOTEL &
     CASINO is a limited liability company who, upon information and belief, was at
     all times relevant and pertinent herein, doing business in the State of Louisiana,
     as LAUGBERGE DU LAC CASINO at 777 Avenue L'Auberge, Lake Charles,
     70601. Its Principal Place of Business in the State of Louisiana is 5615
     CORPORATE BLVD., STE. 400B, BATON ROUGE, LA 70808. Its Principal
     Business Establishment is 8918 SPANISH RIDGE AVE.
     LAS VEGAS, NV 89148. Defendant Pinnacle Entertainment is the officer of
     PNK (LAKE CHARLES) LLC.

6.   Defendant L'AUGBERGE DU LAC HOTEL & CASINO located at 777 Avenue
     L'Auberge, Lake Charles, 70601 is a casino duly operating under the laws of the
     State of Louisiana. It is wholly owned and operated by Defendants Pinnacle
     Entertainment and PNK (LAKE CHARLES) LLC . Its Principal Place of
     Business in the State of Louisiana is 777 Avenue L'Auberge, Lake Charles,
     70601.

7.   Defendants are a single integrated enterprise for purposes of this case and a
     single employer of Plaintiff. All defendants herein may be collectively referred to
     herein below as L'AUGBERGE DU LAC HOTEL & CASINO.

### FACTS

8.   Plaintiff became employed by L'AUGBERGE DU LAC HOTEL & CASINO in

-3-

1996 as a table games dealer. Plaintiff earned approximately $60,000 per year

or more, plus insurance benefits and retirement at time of her discharge.

Previous to her working at the L'AUGBERGE DU LAC HOTEL & CASINO,

location, plaintiff worked as a table games dealer in Shreveport, Louisiana for

PINNACLE ENTERTAINMENT at its BOOMTOWN CASINO location beginning

October 4, 1996. PINNACLE transferred Plaintiff's employment from

BOOMTOWN'S CASINO to L'AUGBERGE DU LAC HOTEL & CASINO in May

2005.

9. During the course of her employment, in Shreveport, Louisiana, Plaintiff began to

experience painful spurs on her heel. She underwent surgery to remove spurs

on her right foot in 2003. She received FMLA for surgery, recovery and

intermittent FMLA due to the painful spurs in her left foot. Constant standing

caused the spurs to inflame. At times her foot would swell to the point she could

not put a shoe on it. She had spurs in her left foot as well but no surgery was

ever performed on it. She began taking blood pressure medication in 2003.

10. During the course of her employment at L'AUGBERGE DU LAC HOTEL &

CASINO, her heel condition became much worse, causing many times her being

unable to stand. She underwent surgery again to remove spurs on her right foot

in 2008. She received FMLA for surgery, recovery and intermittent FMLA due to

the painful spurs in her foot. Constant standing caused the spurs to inflame. At

-4-

times her foot would swell to the point she could not put a shoe on it. She

ordered special shoes for her to wear; her employer approved her wearing these

shoes even though they did not conform to company dress code regulations. Her

blood pressure likewise became worse. She had to take diuretic medication

which caused her to urinate often.

11. During the course of her employment at L'AUGBERGE DU LAC HOTEL &

CASINO, her employer approved her request for her leave under the Family

Medical Leave Act permitting her to take intermittent leave when the pain in her

heel became so unbearable that she couldn't stand.

12. During the course of her employment at L'AUGBERGE DU LAC HOTEL &

CASINO, Mrs. Edwards requested many times a reasonable accommodation for

her disability in her foot. Many times the pain in her foot became so elevated

that she could not stand on it. The condition substantially interfered with her

ability to be mobile, stand, walk or run. In her job in table games required her to

stand for long periods of time. She requested many times as an accommodation

to being able to do games which permitted her to deal from a seated position.

However, L'AUGBERGE DU LAC HOTEL & CASINO did not approve the

request for an accommodation. Plaintiff also requested to be able to sit in a

chair while performing her job but her employer refused that request as well

because it either had no light duty assignments or that it could not treat her

differently than the other dealers.

13. Defendants failed to engage in a colloquy with Plaintiff concerning her disability
    and an accommodation.

14. Defendants were aware of Plaintiff's disability concerning her feet and blood
    pressure condition and the side effects of the medication.

15. Defendants on or about June 3, 2009, discharged Plaintiff allegedly for being
    dishonest with a requested absence to see a doctor. Plaintiff presented written
    proof of the need to go to the doctor. Plaintiff shows that she was not dishonest.
    She had been out on FMLA due to her foot issues.

## FIRST CAUSE OF ACTION: DISABILITY DISCRIMINATION

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in
    Paragraphs 1 through 15 as is set forth in full herein.

17. L'AUGBERGE DU LAC HOTEL & CASINO by the conduct of its agents and
    employees herein alleged, intentionally, willfully and without justification, did
    deprive the Plaintiff of her rights secured to her by the laws of the United States,
    particularly her right to be free from disability discrimination, as provided by the
    Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.A., Section 12101 when
    it fired her and when it failed to provide a reasonable accommodation such as a
    ergonomic chair or other means of taking pressure off of her foot so she could
    stand. The pain at times was so bad, she has fallen.

18.     The Plaintiff has suffered damages and asks to be awarded a reasonable sum
        plus any and all compensatory and punitive damages. She suffered mental
        distress, humiliation, embarrassment, pain and suffering and loss of income,
        past and future and consequential damages such as penalties for early
        withdrawal from 401(k), loans and expenses associated with her apartment and
        moving back to Shreveport.

## SECOND CAUSE OF ACTION: RETALIATION

19.     Plaintiff repeats, reiterates and realleges each and every allegation contained in
        Paragraphs 1 through 18 as is set forth in full herein.

20.      L'AUGBERGE DU LAC  HOTEL & CASINO  by the conduct of its agents and
        employees herein alleged, intentionally, willfully and without justification, did
        deprive the Plaintiff of her rights secured to her by the laws of the United States,
        particularly her right to be free from retaliation, as provided by the *Americans
        with Disabilities Act of 1990 (ADA),* 42 U.S.C.A., Section 12101, when it fired
        Plaintiff because she requested an accommodation or because it refused to
        enter into a discussion regarding her request for an accommodation; further,
        Defendant retaliated against Plaintiff in providing poor references or private
        health information for future employment because Plaintiff filed an EEOC Charge
        against Defendants, or had a disability.

21.     The Plaintiff has suffered damages and asks to be awarded a reasonable sum

-7-

plus any and all compensatory and punitive damages. She suffered mental distress, humiliation, embarrassment, pain and suffering and loss of income, benefits, past and future consequential damages such as penalties for early withdrawal from 401(k), loans and expenses associated with her apartment and moving back to Shreveport.

### THIRD CAUSE OF ACTION: FAMILY AND MEDICAL LEAVE ACT

22.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1 through 21 as is set forth fully therein.

23  L'AUGBERGE DU LAC  HOTEL & CASINO  by the conduct of its agents and employees herein alleged, intentionally, willfully, and without justification, did deprive the plaintiff of her rights, privileges and immunities secured to her by the laws of the United States, particularly her right to be free from retaliation against her and discharge  because she had taken leave permitted under the Family and Medical Leave Act of 1993, 29 USC 2612, et seq. The retaliation and interference under the FMLA was the termination of Plaintiff and refusing to allow her to leave to see her doctor. Defendant willfully violated the FMLA by discharging Plaintiff allegedly for being dishonest about which doctor she needed to leave to see. She was threatened with being written up for seeing a doctor for a serious medical condition her own and was fired for expressing a desire to see a doctor for a serious medical need.

-8-

24.     The Plaintiff has suffered damages and prays to be awarded a

reasonable sum plus any and all liquidated damages and lost wages by law

made and provided.  She suffered loss of income, past and future, benefits, past

and future consequential damages such as penalties for early withdrawal from

401(k), loans and expenses associated with her apartment and moving back to

Shreveport.

### FOURTH CAUSE OF ACTION: INVASION OF PRIVACY, HIPPA AND ADA

25.     Plaintiff repeats, reiterates, and realleges each and every allegation

contained in Paragraphs 1 through 24 as is set forth fully therein.

26.     Defendants violated Plaintiff's privacy rights as protected and delineated by

HIPPA (45 CFR 164) and ADA by calling her physician to determine if she were

truthful in which doctor she had to see on or about May 13, 2009.  Defendant

relied on such information illegally gained to discharge her.

### MISCELLANEOUS

27.     Defendant acted with reckless disregard to Plaintiff's federally and state

protected rights. Thus, Plaintiff is entitled to liquidated and punitive damages.

28.     Plaintiff is entitled to attorney fees and litigation expenses should she prevail in

this case.

29.     Plaintiff is entitled to a trial by jury.

30.     Plaintiff is entitled to proceed informa pauperis and requests leave of court to do

so.

## **PRAYER**

WHEREFORE, Plaintiff, JACQUELINE EDWARDS, prays:

1.     That there be judgment in her favor against Defendants for past and future lost wages, compensatory damages, attorney fees, litigation expenses and consequential damages in a reasonable sum to be set by this Court.

2.     That there be judgment in her favor against Defendants for punitive and liquidated damages, in a reasonable sum to be set by this Court.

3.     For such other and further relief as to this Court may seem just and proper under the circumstances.

4.     For prejudgment and post judgment interest.

5.     That she be granted a trial by jury.

6.     A permanent injunction issue herein enjoining Defendant and its agents, employees, officers, and/or successors in interest, and those acting in concert with them, from engaging in the illegal and unlawful customs, policies and practices described herein and provide for Plaintiff to return to work.

7.     She be permitted to proceed informa pauperis.

Respectfully submitted:

_Jacquelin Edwards_

JAQUELINE EDWARDS
6700 Jefferson Paige Road #34
Shreveport, LA 71119
318/245-9978
PRO SE